UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:25 CV 729 JMB<br>) |
| SEAN PATRICK DOUGHERTY and AMBER DAVIS, | )<br>)<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM and ORDER**

Now pending before the Court is Defendant Sean Patrick Dougherty's Motion to Dismiss (Doc. 14) to which Plaintiff State Farm Fire & Casualty Company has responded (Doc. 24). For the reasons set forth below, the Motion is **DENIED**.

### **Background**

Plaintiff State Farm field a Complaint for Declaratory Judgment (Doc. 1) to determine its obligation to defend and/or indemnify Defendant Dougherty with respect to an underlying lawsuit filed by Defendant Amber Davis in state court. The state court petition alleges that Dougherty, through misrepresentation and violence, coerced Davis into giving him $300,000 during the course of their romantic relationship from 2015 to May, 2023. Davis alleges a number of state law claims including money had and received, fraudulent misrepresentation, assault and battery, and negligent infliction of emotional distress.

According to the Complaint, State Farm issued Condominium Unitowners Policies to Doughtery that were effective from December 6, 2019 to June 29, 2020 and from March 9, 2021 to March 9, 2024 (Doc. 1, ¶¶ 26-27). In general, the policies provide that State Farm will pay for

damages and a defense "[i]f a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence** . . ." (Doc. 1, ¶ 33 (emphasis in original)).  The coverage is limited by various exclusion, definitions, and requirements.  State Farm claims that it does not owe a defense or indemnification because the claims made by Davis, which are outlined in detail in the complaint, identify occurrences outside of the policy periods, assert expected or intentional actions, and asserts physical or mental abuse (Doc. 1, ¶¶ 29-68).

## Discussion

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2).

Defendant Dougherty nominally refers to Rule 12(b)(6) in his motion, but he is in fact arguing the merits of Plaintiff's claim.  Instead of testing the legal sufficiency of the complaint, Defendant Dougherty argues that the facts and circumstances outlined in the underlying state court petition demonstrate that Plaintiff has a duty to defend.  Defendant Dougherty also attempts to insert other facts that would support coverage under the policies at issue.  These arguments are

better suited to a motion for summary judgment where the material facts can be demonstrated by competent evidence.

A cursory review of the complaint reveals that Plaintiff has sufficiently stated a claim. The Declaratory Judgment Act provides that a federal court "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The purpose of the Act is to "provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty." Maytag Corp. v. Int'l Union, United Auto., Aerospace &Agric. Implement Workers of Am., 687 F.3d 1076, 1081 (8th Cir. 2012) (quotations marks and citation omitted). Declaratory relief is useful in clarifying the legal relationship of the parties and provide certainty in that relationship. See Alsager v. District Court of Polk County, Iowa (Juvenile Division), 518 F.2d 1160, 1163-1164 (8th Cir. 1975).

Plaintiff alleges that the underlying circumstances of the state court petition preclude coverage under the relevant portions of the policies at issues. Namely, Plaintiff alleges that Defendant Dougherty's conduct does not fit within the definition of "occurrence," that his conduct was intentional in nature and within an exclusion of "willful and malicious conduct," and that his conduct is excluded under a "physical and mental abuse" exclusion. In making these assertions, Plaintiff relies on the allegations set forth in Defendant Davis's state court petition which appear to support the inference that Defendant Dougherty's actions were intentional, willful, abusive, and outside of the coverage period. Those allegations of fact are accepted as true at this stage of the proceedings. For his part, Defendant Dougherty maintains that his actions were not intentional, that they were accidental or at best negligent, and that they occurred during the relevant time period. Defendant Dougherty argues that his version of the facts, which are not accepted as true

at this stage of the proceedings, entitle him to a defense. Accordingly, there is an actual controversy that would benefit from a declaration of the parties' rights and responsibilities pursuant to the policies at issue. Plaintiff has stated a claim and Defendant Dougherty's motion must be denied.

## Conclusion

For the foregoing reasons, Defendant Dougherty's Motion to Dismiss (Doc. 14) is **DENIED**. Defendant Dougherty shall file a responsive pleading as set forth in Federal Rule of Civil Procedure 12(a)(4).

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2025