**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMBER DAVIS, ET AL.<br><br>Defendants. | Cause No.: 4:25-cv-00729-JMB<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSE TO DEFENDANT DOUGHERTY'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)

Dougherty's motion for relief from the judgment should be denied. Rule 60(b) exists to provide extraordinary equitable relief to prevent injustice, and Dougherty has shown no reason justifying such extraordinary relief. His motion simply seeks to re-argue the merits of the case but fails to show any controlling legal authority that would require a different outcome. He also fails to show any "other reason that justifies relief" because the circumstances he identifies relating to discovery issues would not have affected the outcome of the coverage decision, so he was not deprived of a full and fair opportunity to litigate this case. He explains that he missed the Court's notifications regarding State Farm's motion and that the judgment caught him by surprise, but he fails to explain why he then waited three months after the judgment and did not challenge the judgment under Rule 59 or direct appeal. The motion fails to show extraordinary circumstances justifying relief under Rule 60(b) and should therefore be denied.

### LEGAL STANDARD

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th

830, 842 (8th Cir. 2022). A district court is afforded wide discretion in ruling on a Rule 60(b) motion and its decision will only be reversed for a clear abuse of discretion. *Id.* at 842-43.

## ARGUMENT

Dougherty claims two separate and alternative bases for relief under Rule 60(b). First, he alleges a "mistake of law" under Rule 60(b)(1), and second, he seeks relief under the catchall provision of Rule 60(b)(6) for "any other reason" that justifies relief. Dougherty is not entitled to relief on either basis; his motion should therefore be denied.

### I. Dougherty Fails to Show a Judicial "Mistake" Under Rule 60(b)(1)

Dougherty asserts that this Court made a mistake of law by "accept[ing] State Farm's global characterization of the underlying allegations as one continuous occurrence … without individually determining whether discrete" incidents—in particular, the finger injury of September 2021—presented a possibility of coverage. (Doc. 55, ¶¶ 3-4; Doc. 61, p. 7). This argument fails, for three reasons. *First*, it is a simple re-argument of the merits, which is improper for relief under Rule 60(b)(1). *Second*, Dougherty fails to show the Court's finding of one "occurrence" before the policy period was erroneous under Missouri law or that it would have affected the outcome if the Court had found otherwise. *Third*, Dougherty fails to show that Missouri law required a finding of coverage for the underlying allegations.

#### A. Dougherty's motion should be denied because it is simply an attempt to re-argue the merits.

Although a judge's error of law is considered a "mistake" that can warrant relief under Rule 60(b)(1), *Kemp v. United States*, 596 U.S. 528, 530 (2022), this rule is not to be used as "a vehicle for simple re[-argument] on the merits." *Kendall v. City of Valley Park*, No. 4:21CV1353 HEA, 2026 U.S. Dist. LEXIS 12653, at *7-8 (E.D. Mo. Jan. 23, 2026) (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)). *See also Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir.

2001) (district court did not abuse discretion in denying Rule 60(b) motion that "largely reasserted contentions made in earlier motions"). In fact, when a Rule 60(b) motion is nothing more than a re-argument of the merits, "[t]his ground alone is sufficient" to deny the motion. *Broadway*, 193 F.3d at 990.

Dougherty's motion is a plain attempt to re-argue the merits of State Farm's claims. And while it is true that Dougherty failed to previously present these arguments through a formal response to State Farm's motion, Dougherty already asserted the same arguments against the one-occurrence theory both in his Motion to Dismiss that was denied and in his Answer and Affirmative Defenses. (Doc. 14, ¶¶ 18; Doc. 31, p. 17, ¶ 6). Dougherty's present filings recognize as much. (Doc. 61, p. 3). Thus, Dougherty's motion is nothing more than an attempt to reargue the merits through the same arguments already presented to the Court, which is not the purpose of Rule 60(b)(1). *Broadway*, 193 F.3d at 990. On this basis alone, Dougherty's motion can and should be denied.

**B. The Court correctly found that all the underlying allegations were one occurrence.**

This Court correctly concluded that Davis's claims "began, at the very least" in June 2016, and that as such, "the events described in Davis' complaint occurred outside of the policy effective dates and are not covered occurrences." (Doc. 53, p. 8). The Court based that ruling on established Missouri precedent, *Kansas Fire and Cas. Co. v. Koelling*, 729 S.W.2d 251 (Mo. Ct. App. 1987), which adopted the "cause" approach as opposed to the "effect" approach for determining the number of "occurrences." Dougherty asserts this ruling was a mistake of law, but he does not show how it misapplies *Koelling* or contradicts any other legal authority. Instead, he merely argues that the "characterization of the relationship does not prove that every alleged event in the parties' seven-year relationship can be lumped into one continuous or repeated

exposure to that pattern." (Doc. 61, p. 7). But these conclusory statements amount to nothing more than disagreement with the Court's conclusion. Dougherty does not identify any controlling authority that contradicts this Court's interpretation of the Policies' language or its application of that language to the underlying allegations. Thus, his motion fails to show a "mistake of law" on this basis, and the motion should be denied.

Furthermore, even if the "one occurrence" conclusion were incorrect—which it is not—it was not the sole basis for the Court's ruling, so would still provide no basis for Rule 60(b) relief. *See Gibson v. Hadzic*, No. 4:22-CV-00163-SPM, 2023 U.S. Dist. LEXIS 223626, at *6 (E.D. Mo. Dec. 15, 2023) (denying Rule 60(b) motion because "any inaccuracy in the Court's initial ruling ha[d] no impact on the Court's conclusion"). It is simply not true that this Court failed to analyze the individual allegations separately from this one occurrence theory, as Dougherty suggests. The Court also found that "Davis's claims do not set forth accidents," and that the acts "complained of by Davis are also subject to exclusions under the policy." (Doc. 53, pp. 8-9). Those conclusions—which were separate and independent from the "one occurrence" theory—were also not erroneous, as shown below. Thus, the alleged error that Plaintiff identifies would have made no difference in the outcome, and the motion for relief under Rule 60(b)(1) should be denied.

### C. Dougherty has not shown the Court made a mistake of law in finding no coverage for the underlying allegations, including Count IX.

#### 1. It was Dougherty's burden to show an "occurrence" based on the allegations and facts known or reasonably apparent at the outset.

Dougherty confuses the burden of proof for an "occurrence" as opposed to a policy exclusion. He repeatedly asserts that State Farm had the burden to show there was no possibility of coverage, and even "throughout the entirety of Davis's claims." (Doc. 61, p. 12). This is incorrect for two reasons.

First, as the Court recognized, it is the **insured's** burden to establish coverage under the policy and the insurer's burden to show that an exclusion to coverage applies. (Doc. 53, p. 8); *Elec. Power Sys. Int'l v. Zurich Am. Ins. Co.*, 880 F.3d 1007, 1009 (8th Cir. 2018) (citing *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 344 (Mo. banc 2015)).

Second, the duty to defend is not determined "throughout the entirety" of the underlying claims. Rather, an "insurer's duty to defend arises ***only*** from potential coverage based on facts: (1) alleged in the petition; (2) the insurer knows ***at the outset*** of the case; or (3) that are reasonably apparent to the insurer ***at the outset*** of the case." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 553 (Mo. 2014) (emphasis added). In particular, facts "adduced at trial that the insurer could not have known at the outset" or "facts adduced solely from deposition testimony… do not give rise to a duty to defend." *Id*. (citing *Trainwreck W. Inc. v. Burlington Ins. Co*., 235 S.W.3d 33, 39 (Mo. App. 2007) and *McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. banc 1999)).

Notably, although both Davis's and Dougherty's Answers filed in this action asserted that there was an occurrence, both of them based this conclusion only on the allegations of the Underlying Petition, not on any allegation that there were facts known or reasonably apparent to State Farm outside the Underlying Petition. (Doc. 31, "Affirmative Defenses" ¶ 1 (asserting merely that the Underlying Petition "alleges on its face" multiple potential occurrences); Doc. 29, ¶ 81 (asserting potential occurrence based only on "Plaintiff's own allegations" in the Underlying Petition)). Thus, there was nothing else for the Court to consider in ruling on State Farm's motion in this action, other than the allegations of the Underlying Petition and the language of the Policies. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("the court generally must ignore materials outside the pleadings" in ruling on a 12(c)

motion). As shown below, those allegations did not establish any possibility of coverage and also fell under the plain language of policy exclusions, so there was no mistake of law.

**2. <u>Dougherty did not show that the underlying allegations stated an occurrence.</u>**

The Court found that the allegations in Davis's underlying claims do not state an occurrence because they either do not allege injuries resulting from negligent behavior or because they do not allege "bodily injury" as defined by the Policies. (Doc. 53, p. 8-9). Again, as with the "one occurrence" finding above, Dougherty does not show how the Court's finding is contrary to controlling Missouri law so as to constitute a "mistake of law". He cites several cases reciting the same duty-to-defend standard that the Court applied here, but none of them require a different result, because the Underlying Petition does not allege an accident resulting in bodily injury. Dougherty's arguments in support of finding an "occurrence" either confuse the burden of proof, as already discussed, or ignore the allegations of the pleadings.

In particular, Dougherty challenges the "no occurrence" finding with respect to a September 2021 hand injury from a door-slamming incident, alleged in Count IX of the Underlying Petition. (Doc. 55, ¶ 4). He argues that "[b]ased upon the pleadings, there is a possibility that incident was accidental." (Doc. 61, p. 7-8). But the pleadings leave open no such possibility. Davis did not merely allege that the door happened to shut on her hand. She alleged several successive actions—that Dougherty stood in the doorway to block her, that he slammed the door on her hand, and that he then locked the deadbolt after her fingers were stuck in the other side—all allegedly done as a response to a disagreement in their relationship. (Doc. 1-1, ¶¶ 57, 88(g)). Moreover, the incident was alleged as the basis for an intentional tort claim of "assault and battery," which left no doubt about the alleged intentionality of those acts: "[a]ll of the above described assaults and/or batteries ***were intended to harm*** Plaintiff Davis." (Doc. 1-1,

¶ 89 (emphasis added)). Although Dougherty clearly disputes all this, it is simply not true that these allegations leave open the possibility that the incident was accidental.

Even if the Court could have considered Dougherty's own allegations of how the incident occurred (which, as discussed above, were not properly part of the coverage record for the 12(c) motion and cannot show the Court misapplied the law), those allegations would still not have established coverage. While it is true that other facts known or reasonably apparent outside the pleadings may sometimes be relevant to coverage, they are nevertheless considered with reference to the claims in the petition. For example, in *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548 (Mo. 2014), facts were known or reasonably apparent to the insurer at the time the lawsuit was filed that were consistent with the alleged incident being accidental. The Missouri Supreme Court held that, "even considering those facts, there was no potential for coverage under the policy because [the plaintiff] sought recovery only for damages [the insured] intended, which the policy unambiguously excluded." *Id.* at 553. The same is true here of the facts Dougherty now seeks to submit in his affidavit. Even if Dougherty is correct that Davis's claim in Count IX resulted from an accident (contrary to the actual claims of the Underlying Petition), there was still no potential for coverage for that claim because Davis "sought recovery only for damages [Dougherty] intended." *Allen*, 436 S.W.3d at 553.

Dougherty has not shown that the Court made a mistake of law by finding the underlying claims did not state an "occurrence" giving rise to coverage. His motion should be denied.

**3. <u>The underlying allegations all fell within plain terms of policy exclusions.</u>**

For similar reasons, the Court was also correct in finding that the allegations were excluded from coverage under the intentional acts and the physical/mental abuse exclusions.

With respect to the **intended/expected injury exclusion**, Dougherty does not show any controlling authority requiring a different outcome. He relies heavily on *Am. Family Mut. Ins.*

*Co. v. Pacchetti*, where the Missouri Supreme Court analyzed an exclusion for injury "which is expected or intended by any insured." 808 S.W.2d 369, 370 (Mo. 1991). The issue was whether the insured's intent could be inferred from the acts and circumstances as a matter of law without a subjective showing of intent. *Pacchetti* is distinguishable at the outset because in this case, the intentionality of the door-slamming incident in Count IX does not need to be inferred. Instead, the Underlying petition explicitly alleges that Dougherty's actions were "intended to harm" Davis, and Davis must prove that intent to recover against him on that claim. (Doc. 1-1, ¶ 89).

Furthermore, *Pacchetti*'s subjective test for the exclusion does not govern here because it was based on different policy language. As recognized by the Eighth Circuit, Missouri has employed both a subjective and an objective test, and "the language of the policy determines which test to apply." *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 913 (8th Cir. 2007); see also id. at 913 n.11 ("*Pacchetti* did not reject the objective test altogether. The language of the policy at issue in *Pacchetti* simply required use of the subjective test."). "Under the subjective test, the coverage is excluded based upon the insured's own actual subjective intent to cause harm. Conversely, under the objective test, coverage is excluded if it is determined that a hypothetical reasonable person would have foreseen harm from his or her acts." *Id.* (citing *Cameron Mut. Ins. Co. v. Moll*, 50 S.W.3d 329, 332 (Mo. Ct. App. 2001)). In *Blount* the Eighth Circuit applied the objective test for policy language excluding "bodily injury . . . which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." *Id.* at 914. The court reasoned that the objective test was called for because that the policy language "does not focus on the subjective intent of the insured" but instead "looks to what 'may *reasonably* be expected.'" *Allstate Ins. Co. v. Blount*, 491 F.3d 903, 914 (8th Cir. 2007).

The Policies' language here, similar to the policy language in *Blount*, called for an objective test to apply the exclusion. Unlike the policy language at issue in *Pacchetti* excluding only injury "which is expected or intended by any insured," *Pacchetti*, 808 S.W.2d at 370, the exclusion of the Policies here applies also to injury that "would have been expected by the insured based on a reasonable person standard." (Doc. 1-2, p. 44). Additionally, the exclusion applies "even if" the injury "was sustained by a different person than was expected or intended" or "was of a different kind, quality, or degree than was expected or intended." (*Id.*). Even more than the exclusion in *Blount*, this language clearly calls for an objective analysis that is not tied to the insured's subjective intent.

As a result, Dougherty's argument that the underlying allegations do not sufficiently "clarify what harm was intended" misses the point.[1] (Doc. 61, p. 10). Under the plain language of the exclusion, it was enough that the alleged injury resulted from an intentional act intended to harm Davis, which is what was alleged. Dougherty has not shown a mistake of law in the Court's application of the intentional acts exclusion.

With respect to the **physical or mental abuse exclusion,** Dougherty also fails to show a mistake of law in the Court's application of that exclusion. He argues that the pleadings do not show that the act of slamming the door was abusive in itself or occurred in the context of abuse. (Doc. 61, p. 12). But, once again, this simply ignores the allegations of Davis's pleading. The Underlying Petition alleged that Dougherty barred the doorway, and then slammed and locked the door on Davis's hand *as a result of an argument in their relationship*, "[w]hen Davis refused

---

[1] In fact, that argument stretches even *Pacchetti* beyond its true meaning. Even if *Pacchetti* could apply in spite of the policy language, it would still only require a showing "that injury was intended from these acts," 808 S.W.2d at 370, not necessarily that the specific harm that actually resulted was intended.

and tried to leave Dougherty's condo." **(**Doc. 1-1, ¶¶ 57). Dougherty cites no authority showing a different result was required here, even when considered separate from the overarching allegation of "romance fraud". Accordingly, he has not shown the Court made a mistake of law in finding that these alleged actions fall under the term "physical or mental abuse … as the phrase is commonly understood." (Doc. 53, p. 9).

**II. Dougherty Is Not Entitled to Extraordinary Equitable Relief of Rule 60(b)(6)**

The sixth subsection of Rule 60(b), a "catchall" provision for relief based on "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), is "available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533 (citations omitted). And even then, "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." *BLOM Bank, BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025). The Eighth Circuit has long said as much. *See Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.").

Dougherty's motion argues that the judgment would cause substantial and irreparable prejudice to Dougherty because it deprives him of his insurer-appointed counsel in the underlying action "before the factual record concerning a potentially covered occurrence is fully developed." Doc. 55, ¶ 16, Doc. 61, at 14. There is nothing extraordinary or unfair about that result. Missouri law is clear that the duty to defend is not based on the facts at the outset of the case, not a "fully developed" factual record after discovery and trial. It was irrelevant for this action whether Dougherty was able to fully develop a record of the incidents alleged in the Underlying Petition. The judgment did not deprive Dougherty of the full and fair opportunity to

litigate this coverage action, and the circumstance he identifies do not justify the extraordinary relief he seeks here.

Nor is 60(b)(6) relief justified by Dougherty's alleged oversight of the filing notification.[2] Even accepting his explanation for why he failed to respond to State Farm's initial motion, it still fails to satisfy the standard for extraordinary relief under Rule 60(b) in light of the record as a whole. Neither Dougherty's motion nor his affidavit claim that he missed notification of the Court's judgment entered on June 1, 2026. In fact, the affidavit implies that he received that notice (Doc. 55-1, ¶¶ 29-30). Yet he gives no explanation for why he then failed to file any motion challenging the judgment within 28 days. *See* Fed. R. Civ. P. 59. He also gives no explanation for why he failed to timely file a notice of appeal within 30 days after the judgment. *See* Fed. R. App. P. 4. Instead, it appears that Dougherty **sat on his procedural rights** for another three months after the judgment was entered—until after the judgment became final and the time for appeal passed. Only then did he file a motion seeking extraordinary equitable relief under Rule 60(b)(6) and raising new previously unpled factual allegations to this Court, without any explanation why he could not have previously made those allegations in his pleadings in this

---

[2] Additionally, Dougherty does not claim and has not shown "excusable neglect" under Rule 60(b)(1). Relevant factors for excusable neglect are "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith," as well as "the existence of a meritorious defense…" *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001). Dougherty gives a reason for his initial failure to file a response, but not for his failure to file a timely Rule 59 motion or to immediately raise the issue with the court. Granting Dougherty's motion would prejudice State Farm's ability to move forward with clarity about its coverage obligations and would require State Farm to request the state court to reinstate the stay of the underlying action. As shown above, Dougherty has not shown a meritorious defense in this coverage action. Based on all these factors, Dougherty's motion does not show excusable neglect as a basis for Rule 60(b) relief.

action.[3] This record does not show that Dougherty was deprived of a full and fair opportunity to litigate his case, and he is not entitled to the extraordinary equitable relief he seeks under Rule 60(b)(6).

## **CONCLUSION**

For the foregoing reasons, Dougherty motion for relief from the judgment under Rule 60(b) should be denied in its entirety.

Respectfully submitted,

HEPLERBROOM LLC

By: */s/ Patrick A. Bousquet*
Patrick A. Bousquet #57729MO
Peter A. Houser #71278MO
patrick.bousquet@heplerbroom.com
peter.houser@heplerbroom.com
701 Market Street, Suite 1400
St. Louis, Missouri 63101
314-241-6160 phone
314-241-6116 fax
ATTORNEYS FOR **PLAINTIFF**

[3] Dougherty also does not claim that his account of the slamming door/hand injury incident is "newly discovered evidence" justifying relief under Rule 60(b)(2).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed by using the Court's CM/ECF Electronic Filing System this 15th day of October, 2026, with an electronic copy to be served upon all attorneys of record.

*/s/ Patrick A. Bousquet*